(17 Misc. Rep. 261.)

### PEOPLE ex rel. DUCHAINE v. COON.

(Supreme Court, Special Term, Essex County. June, 1896.)

HOUSE OF REFUGE FOR WOMEN—CONDITIONAL DISCHARGE—REARREST.

Under Laws 1881, c. 187, § 8, as amended by Laws 1892, c. 704, authorizing the managers of the House of Refuge for Women to conditionally discharge an inmate at any time, and to cause her to be rearrested and detained "for a time equal to the unexpired portion of her term at the time of her * * * conditional discharge," a person who is conditionally discharged may be rearrested after the expiration of her original term, and committed for a time equal to the unexpired portion of the term at the time she was conditionally discharged.

Application by Josephine Duchaine for writ of habeas corpus to procure her discharge from the House of Refuge for Women at Hudson, on the ground that her imprisonment in that institution is illegal and void. Dismissed.

David H. Agnew, for relator.
J. Rider Cady, for respondent.

McLAUGHLIN, J.   On the 11th day of April, 1889, the relator was convicted of being a common prostitute, and sentenced to the House of Refuge for Women at Hudson, N. Y., "for a term of five years, unless sooner discharged by the board of managers thereof." In pursuance of this sentence, she was committed to the House of Refuge on the 15th day of April, 1889, and there remained until the 14th day of January, 1892, when she was conditionally discharged therefrom.   Had she remained in the institution or the conditional discharge not have been given, the five years for which she was sentenced would have expired on the 11th day of April, 1894, at which time she would have legally been entitled to her discharge. On the 7th day of December, 1895, she was rearrested, by virtue of a warrant of rearrest issued by the board of managers, and again committed to this institution, for having violated the conditions of the discharge previously given to her.

The sole question presented by this application is whether a prisoner conditionally discharged from the institution in question before the expiration of the term for which she was sentenced can, after the expiration of the term, be rearrested, and again committed and detained for a time equal to the unexpired portion of her term at the time she was conditionally discharged.   Reference to the statute bearing on the subject leaves little room for discussion as to the proper answer to be given to the inquiry thus made.   The language used, if any meaning be accorded to it, clearly and unmistakably indicates a legislative intent to confer such power on the board of managers.   The statute is as follows:

"Subdivision 1. The board of managers of said House of Refuge shall have power to cause to be detained therein, under such proper rules and regulations as said board shall provide, any female so committed thereto, according to the terms of said sentence and commitment, and to conditionally discharge any inmate so sentenced and committed at any time prior to the expiration of said five years, and to cause the rearrest in any county of this state, and return to said House of Refuge, of any person who may have escaped therefrom, or has been conditionally discharged therefrom, as herein provided, and in any case of such rearrest and return to detain her as aforesaid from the time of such return, for a time equal to the unexpired portion of her term, at the time of her said escape or conditional discharge."

"Subd. 3. Any person having been conditionally discharged from said House of Refuge may be arrested and returned thereto upon a warrant signed by the president and attested by the secretary of said board, which warrant shall briefly state the reasons for such arrest and return, and shall be directed and delivered to any person employed by said board of managers to convey to said House of Refuge persons committed thereto, and when so signed, attested and delivered, may be executed by such person in any county in this state."

Section 8, c. 187, Laws 1881, as amended by subdivisions 1 and 3, § 3, c. 704, Laws 1892.

Indeed, it seems to me that no other construction can be given to this statute without eliminating the words, "and, in case of such rearrest and return to detain her   *   *   *   for a time equal to the unexpired portion of her term at the time of her   *   *   *   condi-

tional discharge." A prisoner who escapes from the institution, and is recaptured, is treated in the same manner as one who has been conditionally discharged and returned. A conditional discharge may be granted at any time within the period for which the person is sentenced. A prisoner may escape at any time during that period. No serious contention could be made that a prisoner who had escaped from the institution prior to the expiration of the original sentence, and was thereafter captured, could not be compelled, under the statute, to serve out the unexpired portion of her term. In the one case the prisoner is at liberty by virtue of her own act, while in the other she is at liberty by virtue of the act of the board of managers. The board of managers may grant a conditional discharge at any time within the five years; and, if the person discharged conducts herself properly,—that is, lives according to the terms and conditions of the discharge,—the discharge may, in practical effect, be a final and unconditional one. The prospect of an early conditional discharge is an incentive to good behavior while in the institution. The prospect of rearrest and return to the reformatory in case of misbehavior thereafter is equally strong as an inducement to the leading of an orderly life, and must, of necessity, have a deterring effect to a return to evil ways. No good reason can be suggested why, if an inmate conditionally discharged shall thereafter return to viciousness, she should not be retaken, and compelled to serve out the unexpired portion of her sentence, although she be retaken and confined after the expiration of five years from the date of the imposition of the sentence. This seems to be the policy of the statute. It certainly is its natural, and, I believe, its true, construction. However, it is not for the court to pass upon the policy of this statute, but it discharges its duty by construing it, and, if it is not a wise one, then it is for the legislature to change it, and not for the court.

The proceeding is dismissed, and the relator remanded to the custody of the institution.